United States District Court
For the Northern District of California

1

2

3

4

5               UNITED STATES DISTRICT COURT

6               NORTHERN DISTRICT OF CALIFORNIA

7

8   UNITED STATES OF AMERICA,              No. C-10-3054 JSW (EMC)

9              Plaintiff,                  **ORDER GRANTING CLAIMANT HUI
                                           JIN CHEN'S REQUEST FOR**
10         v.                              **APPOINTMENT OF COUNSEL,
                                           MOTION TO SET ASIDE ENTRY OF**
11  COUNTERFEIT MERCHANDISE AND            **DEFAULT, AND MOTION FOR LEAVE
    PROCEEDS FROM SALES OF                 TO FILE VERIFIED CLAIM AND**
12  COUNTERFEIT MERCHANDISE, *et al.*,     **ANSWER; AND REPORT AND
                                           RECOMMENDATION RE PLAINTIFF'S**
13             Defendants.                 **MOTION FOR DEFAULT JUDGMENT**
    _____/
14                                         **(Docket Nos. 29, 38)**

15

16          Currently pending before the Court is Claimant Hui Jin Chen's (1) motion to set aside entry

17  of default (2) motion for appointment of counsel, and (3) motion for leave to file a verified claim

18  and answer.[1]  Also before the Court is the Government's motion for default judgment (Docket No.

19  29).  Having considered the parties' briefs and accompanying submissions, as well as the oral

20  argument of counsel and all other record evidence, the Court hereby **GRANTS** Ms. Chen's motions

21  and **RECOMMENDS** the Government's motion be **GRANTED IN PART**.

22                  **I.    FACTUAL & PROCEDURAL BACKGROUND**

23          The Government avers that on or about February 10 2010, its agents seized the defendant *in

24  rem* counterfeit merchandise and cash from multiple locations.  The defendant property is described

25  in 11 groups.  Forfeiture Complaint ("Compl.") ¶¶ 6, 7.  The Government also arrested and indicted

26  ten defendants in a related action, including Hui Jin Chen.  Compl. ¶ 9.  On December 3, 2010, the

27  _____

28          [1]  As a preliminary matter, the Court grants Ms. Chen's motion for leave to file each of these
    motions (Docket No. 38).

**United States District Court**
For the Northern District of California

1   Government provided notice of this civil forfeiture action to those known to have an interest.  *See*

2   Cert. of Service, filed 12/3/10.  The Government also provided public notice of the forfeiture

3   proceeding via a website posting beginning November 16, 2010.  *See* Docket No. 19.  Five people

4   filed timely claims with respect to Group (3) and Group (8) of the captioned defendant property.  On

5   February 8, 2011, Judge White stayed this action to prevent interference with the related criminal

6   case.  *See* Docket No. 22 (Order).  On the same day, the Government moved for entry of default with

7   respect to the remaining defendant properties, and on February 15, 2011 the Clerk entered default

8   with respect to those defendants.  *See* Docket No. 28 (Feb. 23, 2011 Clerk's Notice).

9        Ms. Chen appeared in court on August 2, 2010 and was released on $200,000 bond.  *See*

10   Order, No. 10-cr-0565 (Aug. 3, 2010) (Docket No. 29).  Ronald Tyler of the Federal Public

11   Defender's Office was appointed as counsel for Hui Jin Chen in the criminal case.  *See* Docket No.

12   3, No. 10-cr-0565 (Aug. 2, 2010 Min. Entry).  In her papers, Ms. Chen avers that she speaks only

13   Mandarin and requires an interpreter.  A pretrial hearing is scheduled for June 9, 2011.  Ms. Chen's

14   motion concerns a portion of the defendant property ($3,987 in cash) identified in Group (6) of the

15   defendants herein.

16                    **II.   DISCUSSION**

17   A.    Motion to Set Aside Entry of Default

18           1.    Legal Standard

19        Federal Rule of Civil Procedure 55(c) provides that a "court may set aside an entry of default

20   for good cause."  Fed. R. Civ. P. 55(c).  "'Good cause' has no precise definition, and its meaning

21   depends on the circumstances of the case."  55 Moore's Fed. Prac. – Civ. § 55.70[1].  The Court

22   considers three factors in determining whether "good cause" exists: (1) whether the defaulting party

23   engaged in culpable conduct that led to default; (2) whether the defaulting party had a meritorious

24   defense; or (3) whether reopening the default would prejudice the nondefaulting party.  *See*

25   *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-926 (9th Cir. 2004).

26   The Court may set aside a default if *any* of the three factors are true.  *See id.* at 926 (emphasizing

27   that the factors are disjunctive).  The defendant bears the burden of showing that any factor weighs

28   in favor setting aside the default.  *See id.*  However, there is a strong public policy in favor of

2

**United States District Court**
For the Northern District of California

1  resolving a case on its merits.  *See Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir.

2  1985) (noting that default judgments are generally disfavored so that, "[w]henever it is reasonably

3  possible, cases should be decided upon their merits"); *United States v. Signed Personal Check No.*

4  *730 of Yubran S. Mesle*, 615 F.3d 1085 (9th Cir. 2010) ("[J]udgment by default is a drastic step

5  appropriate only in extreme circumstances; a case should, wherever possible, be decided on the

6  merits.").

7      2.   <u>Analysis</u>

8      Ms. Chen filed a Verified Claim and Statement of Interest in the property stating that the

9  money at issue belongs to her juvenile child.  Docket No. 36.  Although she does not describe her

10  defense in factual detail, the Court finds this claim sufficient to raise a plausible defense.  Thus, the

11  Court finds this factor to weighs in Ms. Chen's favor.

12      The other two factors also weigh in Ms. Chen's favor.  As Ms. Chen points, out, her failure

13  to file a claim does not bar relief unless she acted (or neglected to act) in bad faith.  *Id.* at 1093

14  "[S]imple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least

15  without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of

16  denial of the motion to set aside a default."  *Id.*  There is no evidence of bad faith here.

17      Ms. Chen also argues that the delay would not prejudice the Government since it has

18  "already agreed to a stay of this action as to several other claimants and co-defendants."  Reply at 5.

19  Judge White's February 8, 2011 Order stays the case is not limited to certain parties:  the Order

20  simply states that the case is stayed in light of the pending criminal case because "(1) civil discovery

21  could adversely affect the prosecution of the related criminal case; and (2) proceeding with this civil

22  forfeiture action could adversely burden the right of claimants against self-incrimination.

23  Accordingly, the parties agree, subject to the Court's approval, to stay this case and to take the

24  currently scheduled case management conference for February 18, 2011 at 1:30 p.m. off calendar

25  until further order of this Court."  Docket No. 22.  Even if the stay applied only to the other groups

26  of property for which timely claims were filed (and not Ms. Chen and the Group (6) property she

27  now claims), Plaintiff has not shown it would suffer any prejudice were Ms. Chen allowed to reopen

28  and assert her claim along with the others.

**United States District Court**
For the Northern District of California

1    The Court finds that the equities weigh in favor of granting Ms. Chen's motion to set aside

2    default.  The Court accordingly grants Ms. Chen's motion to set aside the default as to the cash

3    portion of defendant Group (6), and grants her request for additional time to file a response to the

4    complaint.

5    B.      Appointment of Counsel

6    A third party asserting an interest in a forfeiture proceeding is "expressly barred by 21

7    U.S.C. § 853(k)(2) from 'commencing an action at law or equity against the United States

8    concerning the validity of [its] alleged interest in the property.' " *United States v. Douglas*, 55 F.3d

9    584, 586 (11th Cir. 1995) (quoting 21 U.S.C. § 853(k)(2)); *accord United States v. Gilbert*, 244 F.3d

10   888, 907 (11th Cir. 2001). "A third party's only avenue for protecting his interest is the procedure

11   set forth in 18 U.S.C. § 853(n), which provides that 'any person, other than the defendant, asserting

12   a legal interest in property which has been ordered forfeited to the United States pursuant to this

13   section' may 'petition the court for a hearing to adjudicate the validity of his alleged interest in the

14   property.'" *United States v. Wade*, 255 F.3d 833, 837 (D.C. Cir. 2001).  In establishing this

15   forfeiture procedure, "Congress intended that third-party petitions ancillary to a criminal forfeiture

16   take the place of civil cases, and that such a procedure would enable innocent parties to adjudicate

17   their property interests swiftly instead of having to file separate civil suits." *Gilbert*, 244 F.3d at 907

18   (describing conclusion of Douglas court). *See also* H.R. Rep. No. 98-1030, at 206-07 (1984),

19   reprinted in 1984 U.S.C.C.A.N. 3182, 3389-90 ("Once the indictment or information is filed, a third

20   party is not to commence a civil suit against the United States; instead the third party should avail

21   himself of the ancillary hearing procedure…. This provision assures a more orderly disposition of

22   both the criminal case and third party claims. Indeed, it is anticipated that the new hearing procedure

23   should provide for more expedited consideration of third party claims than would the filing of

24   separate civil suits.").

25   Counsel was appointed for Ms. Chen in her criminal case.  Ms. Chen argues that the Court

26   should appoint as counsel in this forfeiture case as well because it constitutes an ancillary

27   proceeding under the Criminal Justice Act.  Title 18 U.S.C. 3006A(c) provides, "A person for whom

28   counsel is appointed shall be represented at every stage of the proceedings from his initial

**United States District Court**
For the Northern District of California

1    appearance before the United States magistrate judge or the court through appeal, *including*

2    *ancillary matters appropriate to the proceedings*." (Emphasis added.) Likewise, the Guide to

3    Judiciary Policy and Procedures § 2.01(F)(5-6) provides, "In determining whether representation in

4    an ancillary matter is appropriate to the proceedings, the court should consider whether such

5    representation is reasonably necessary to accomplish, *inter alia* . . . to preserve the claim of the CJA

6    client to an interest in real or personal property subject to a civil forfeiture proceeding pursuant to 21

7    U.S.C. § 881, 19 U.S.C. § 1602 or similar statutes . . . . (6) Under 18 U.S.C. § 983(b)(1), if a person

8    with standing to contest the forfeiture of property in a judicial civil forfeiture proceeding under a

9    civil forfeiture statute is financially unable to obtain representation by counsel, and the person is

10   represented by counsel appointed under 3006(a) of title 18, United States Code, in connection with a

11   related criminal case, the court may authorize counsel to represent the person with respect to the

12   claim." The Government concedes that the Court has discretion to appoint counsel for a financially

13   eligible person in a forfeiture action in connection with a related criminal case. *See* 18 U.S.C. §

14   983(b)(1)(A).

15           The Government argues that Ms. Chen has not made a satisfactory demonstration of her

16   financial eligibility, nor has she shown that she made efforts to obtain counsel. Opp'n at 7.

17   However, the Government provides no authority that one seeking counsel in these circumstances

18   must first demonstrate efforts to retain counsel. No such requirement is found in the statute or case

19   law. Instead, the Government points to 28 U.S.C. § 1915(e) which governs the court's limited

20   authority to appoint counsel for a party proceeding *in forma pauperis* in a civil case. But that

21   general statute, even if it were otherwise applicable, does not govern where a more specific statute

22   (*i.e.*, the Criminal Justice Act) expressly applies to this proceeding. As to her financial eligibility,

23   the Court finds Ms. Chen eligible based on the fact that she already qualified for appointment of

24   counsel in the criminal case. The Court therefore grants Ms. Chen's motion for appointment of

25   counsel and appoints Mr. Tyler for said purpose.

26   ///

27   ///

28   ///

United States District Court
For the Northern District of California

### III.   REPORT AND RECOMMENDATION ON

### THE GOVERNMENT'S MOTION FOR DEFAULT JUDGMENT

A.    Jurisdiction

This Court has jurisdiction over this matter under 28 U.S.C. §§ 1345 and 1355(a), which vests district courts with original jurisdiction in "any action or proceeding for the . . . enforcement of any . . . forfeiture . . . incurred under any Act of Congress." *See* 28 U.S.C. § 1355(a).

B.    Legal Standard

Forfeiture is "harsh and oppressive" and thus, is "not favored by the courts." *See U.S. v. $191,910.00 in U.S. Currency*, 16 F. 3d 1051, 1069 (9th Cir. 1994). The Ninth Circuit is "particularly wary of civil forfeiture statutes" because they "impose 'quasi-criminal' penalties" but do not provide property owners with the degree of procedural protections provided to criminal defendants. *See id.* at 1068; *U.S. v. Marlof*, 173 F. 3d 1213, 1217 (9th Cir. 1999) (quoting *$191,000.00 in U.S. Currency*, 16 F. 3d at 1068.). Accordingly, strict adherence to procedural rules is paramount in civil forfeiture proceedings. *See Marlof*, 173 F. 3d at 1217 (denying forfeiture where government "erred" by failing to provide due notice to property owner); *$191,910.00 in U.S. Currency*, 16 F.3d at 1068-69 (strictly construing currency forfeiture provisions of 19 U.S.C. § 615 against government and holding that "the burden on the government to adhere to procedural rules should be heavier than on claimants"). The procedures governing civil forfeiture actions are set forth in the various specific forfeiture statutes, the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), 18 U.S.C. § 983, the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules") and this district's Admiralty Local Rules.

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, a district court may enter default judgment where the clerk, under Rule 55(a), has previously entered the defendant's default based upon a failure to plead or otherwise defend an action. *See* Fed. R. Civ. P. 55; *see also PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). Entry of default against a defendant, however, does not automatically entitle a plaintiff to default judgment. *See Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir.1986) (affirming the district court's denial of default judgment despite the defendant's alleged failure to answer the complaint). Rather, the

United States District Court

For the Northern District of California

1  decision to grant a motion for default judgment is within the court's discretion.  *See Aldabe v.*

2  *Aldabe*, 616 F. 2d 1089, 1092 (9th Cir. 1980).  Upon entry of default, the factual allegations of the

3  Government's complaint are assumed to be true, except those relating to damages.  *See Geddes v.*

4  *United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d

5  915, 917 (9th Cir. 1987).  *See also* Fed. R. Civ. P. 8(d) ("Averments in a pleading to which a

6  responsive pleading is required, other than those as to the amount of damage, are admitted when not

7  denied in the responsive pleading.").

8          In the present matter, default was entered as to the remaining defendants (all defendants

9  named in complaint except defendant Group (3) and Group (8) as timely claims have been filed) on

10  February 15 and February 23, 2011.[2]  *See* Docket Nos. 26, 28.  Consequently, the factual allegations

11  of the Government's complaint are deemed to be true and the Court is vested with the authority to

12  enter default judgment.  The Court's decision whether to exercise its discretion to do so is guided by

13  two overlapping inquiries.  First, the Court considers the Government's claims in light of the factors

14  set forth by the Ninth Circuit in *Eitel v. McCool*, 782 F. 2d 1470, 1471-72 (9th Cir. 1986).  Second,

15  the Court determines whether the Government has met the specific procedural requirements

16  governing forfeiture actions.

17  C.      Application of the *Eitel* Factors

18          In *Eitel*, the Ninth Circuit set forth the following factors to be considered in determining

19  whether entry of default judgment is appropriate:

20              (1) the possibility of prejudice to the plaintiff; (2) the merits of
                plaintiff's substantive claims(s); (3) the sufficiency of the complaint;
21              (4) the sum of money at stake in the action; (5) the possibility of a
                dispute concerning material facts; (6) whether the default was due to
22              excusable neglect; and (7) the strong policy underlying the Federal
                Rules of Civil Procedure favoring decisions on the merits.
23

24  *See Eitel v. McCool*, 782 F. 2d 1470, 1471-72 (9th Cir. 1986).  In the present matter, a denial of

25  default judgment would likely prejudice the government as further proceedings would require the

26  Government to expend further time and effort for no reason, as no additional claims have been filed

27  _____

28      [2]  The Court assumes Judge White, in granting a stay in the case (*see* Docket No. 22), did not
intend to forestall entry of default against the defendant property for which no claims were filed.

United States District Court

For the Northern District of California

with respect to the defendant property.  There is no evidence that default was due to excusable neglect given that, as discussed below, the Government provided adequate service and notice to the parties known to have an interest in the property.  The sum of money at stake in the action, though not insubstantial, is not so large as to warrant a denial of the motion.  *See United States v. Approx. $57, 890 in U.S. Currency*, No. C-10-01829 WHA, 2010 WL 3987397, at *4 (N.D. Cal., Oct 12th, 2010).  Likewise, claimants have had ample time to submit a claim consistent with the Supplemental Rules in order to challenge the Government's forfeiture, but failed to do so.  Finally, although it is preferable to decide a case on its merits, when no party appears to oppose the action despite having notice (as is the case here, with the exception of Ms. Chen, discussed *supra*), there is likely no dispute on the merits.

Before entering default judgment, however, the Court must ensure that the allegations of Plaintiff's complaint, which are assumed to be true, are sufficient to warrant forfeiture of the Defendant property under the relevant statutes.  The Court addresses the sufficiency of the Government's claim below.

    1.    <u>The Government's § 2323 Claim</u>

The Government seeks forfeiture of items and currency pursuant to 18 U.S.C. § 2323(a). Section 2323 of Title 18 of the United States Code, provides for the forfeiture to the United States Government of the following property:

> (A) Any article, the making or trafficking of which is prohibited under section . . . . [18 U.S.C. §] 2320 . . . .
>
> (B) Any property used, or intended to be used, in any manner or part to commit or facilitate the commission of an offense referred to in subparagraph (A).
>
> (C) Any property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of an offense referred to in subparagraph (A).

18 U.S.C. § 2323.  Section 2320 makes it a crime to traffic in counterfeit goods.  *See* 18 U.S.C. § 2320.  More specifically, § 2320(a)(1) states,

> Whoever intentionally traffics or attempts to traffic in goods or services and knowingly uses a counterfeit mark on or in connection with such goods or services, or intentionally traffics or attempts to

traffic in labels, patches, stickers, wrappers, badges, emblems, medallions, charms, boxes, containers, cans, cases, hangtags, documentation, or packaging of any type or nature, knowing that a counterfeit mark has been applied thereto, the use of which is likely to cause confusion, to cause mistake, or to deceive, shall, if an individual, be fined not more than $2,000,000 or imprisoned not more than 10 years, or both, and, if a person other than an individual, be fined not more than $5,000,000.

18 U.S.C. § 2320(a)(1).  Property subject to forfeiture under § 2320 is specifically governed by 18 U.S.C. § 2323.  *See* 18 U.S.C. 2320(b) ("Forfeiture, destruction, and restitution relating to this section shall be subject to section 2323, to the extent provided in that section, in addition to any other similar remedies provided by law.").

Property subject to forfeiture under 18 U.S.C. § 981 is to be seized "pursuant to a warrant obtained in the same manner as provided for a search warrant under the Federal Rules of Criminal Procedure . . . ."  *See* 18 U.S.C. § 981(b)(2).  In the present matter, the Defendant property was seized pursuant to the execution of federal search warrants at multiple locations on February 10, 2010.  *See* Compl. ¶¶ 1,7.  Absent cause to believe these warrants were obtained or executed improperly, the Court must assume the warrants and the items seized in their execution are all valid and in compliance with the Federal Rules of Criminal Procedure and other governing statutes.  The Government brought the forfeiture action on July 12, 2010.  *See* Pls.' Mot. at 3.  After the Court entered an order unsealing this civil forfeiture action (Docket No. 7), the Government proceeded to give notice to those known to have an interest on December 3, 2010.  *See* Mot. at 3.  Accordingly, the Court finds that the forfeiture claim as to the various items and currency is sufficient under 18 U.S.C. § 2323(a).

D.      Procedural Requirements for Forfeiture

1.      The Supplemental Rules

The Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules") govern judicial forfeitures of property.  *See United States v. 5145 N. Golden State Blvd.*, 135 F.3d 1312, 1315 (9th Cir. 1998).  Pursuant to the Supplemental Rules, the United States initiates forfeiture proceedings by filing a complaint.  Supp. R. C(2); Supp. R. G(2).  Under both Rules C(2) and G(2), the complaint must be verified and describe the property at issue with reasonable

**United States District Court**
For the Northern District of California

1   particularity.  Rule G(2) also requires that the complaint include sufficient factual allegations to

2   support a "reasonable belief" the United States will be able to meet its burden at trial. Supp. R.

3   G(2)(f).

4          If the property is located in the United States, the Government must then publish notice of

5   the forfeiture action either in a newspaper of general circulation in the district (Supp. R. C(4); Supp.

6   R. G(4)(a)(iv)(A)) or by posting a notice on a government forfeiture website for thirty consecutive

7   days. Supp. R. G(4)(a) (iv)(C). This notice must include the time for filing a claim. Supp. R.

8   G(4)(b)(ii)(B).

9          In addition to published notice, the United States must also provide direct notice of the

10  forfeiture action to potential claimants under Supplemental Rule G. The notice must be sent by a

11  means that may be reasonably calculated to reach the defendant. Supp. R. G(4)(b)(iii)(A). "Notice to

12  a person from whom the property was seized who is not incarcerated when notice is sent may be sent

13  to the last address that person gave to the agency that seized the property." Supp. R. G(4)(b)(iii)(E).

14         2.     The Local Admiralty Rules

15         In addition to the Supplemental Rules discussed above, the Government must also comply

16  with the local rules governing forfeiture proceedings, in particular, Admiralty Local Rules 6-1 and

17  6-2.  The Admiralty and Maritime Local Rules "apply ... to proceedings that are governed by the

18  Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil

19  Procedure ... [including] statutory ... forfeiture proceedings analogous to maritime actions *in rem*."

20  Admir. L.R. 1-2.  Admiralty Local Rule 6-2 addresses entry of default judgment in *in rem* actions,

21  providing that default judgment may be entered in an *in rem* action if:

22              (a) Notice has been given as required by Admiralty Local Rule 6-1;
                (b) The time to answer has expired, and
23              (c) No one has filed a verified statement of right or interest in the
                property.

24

25  *See* Admir. L.R. 6-2; *see also U.S. v. $7,250 United States Currency*, 2004 WL 1465716, 1 (N.D.

26  Cal. March 31, 2004) (applying Admir. L.R. 6-2 to determine whether plaintiff was entitled to entry

27  of default judgment in forfeiture action brought under 28 U.S.C. § 881(a)(6)); *U.S. v.1999 Lexus*

28  *GS400*, 2007 WL 1056791, 3 (N.D. Cal. April 6, 2007) (applying Admir. L.R. 6-2 to determine

10

**United States District Court**
For the Northern District of California

1    whether plaintiff was entitled to entry of default judgment in forfeiture action brought under 28

2    U.S.C. §§ 881(a)(6) & (11)).

3        Admiralty Local Rule 6-1(a) requires that the following notice be given in an *in rem* action:

4            (1) By publication as required in Fed. R. Civ. P. Supp. C(4);
(2) By service upon the master or other person having custody of the

5            property; and
(3) By service under Fed. R. Civ. P. 5(b) upon every other person who

6            has not appeared in the action and is known to have an interest in the
property.

7

8    Admir. L.R. 6-1(a).  Failure to meet the notice requirements of Rule 6-1 is grounds for setting a

9    default aside. Admir. L.R. 6-1(c).

10        3.     <u>Adequacy of the Complaint</u>

11        The Government filed a verified complaint that describes the property subject to forfeiture,

12    the specific forfeiture statute at issue and the facts supporting forfeiture.  In addition, the Court has

13    already determined that the United States' claim under section 2323 is sufficient.  The Court

14    therefore concludes that The Government has met the requirements set forth in the Supplemental

15    Rules, discussed above, for complaints in civil forfeiture actions.

16        4.     <u>Adequacy of Notice</u>

17        The Court considers the pending motion for default judgment under Admiralty Local R. 6-1.

18    *See United States v. 1999 Lexus GS400*, No. C-05-1139-PJH (Docket Nos. 41, 42) (applying similar

19    pre-Supp. G rules and granting default judgment provided the Government demonstrates compliance

20    with notice requirements).  Rule 6-1 requires the government to satisfy notice requirements set forth

21    in Supplemental Rules G(3) and G(4) to the FRCP.  *See* Admiralty Local R. 6-1(a), 12-1 (Supp. R.

22    G governs civil forfeiture actions in rem arising from a federal statute).  Supplemental Rule G(4)

23    requires that a published notice "(A) describe the property with reasonable particularity; (B) state the

24    times under Rule G(5) to file a claim and to answer; and (C) name the government attorney to be

25    served with the claim and answer." Fed. R. Civ. P. G(4)(a)(ii).  The published notice requirement

26    may be satisfied by "posting a notice on an official internet government forfeiture site for at least 30

27    consecutive days." *Id.* at G(4)(a)(iv)(C).

28

**United States District Court**
For the Northern District of California

1    To demonstrate satisfaction of the published public notice requirement, the Government has

2    filed a "Declaration of Publication" (Docket No. 19) by paralegal Carolyn Jusay, who states that the

3    attached notice was posted at www.forfeiture.gov for at least 30 days beginning on November 17,

4    2010. This notice complies with Supplemental Rule G(4).

5        Supplemental Rule G(4)(b) also requires notice to known potential claimants. Such notice

6    must state "(A) the date when the notice is sent; (B) a deadline for filing a claim, at least 35 days

7    after the notice is sent; (C) that an answer or a motion under Rule 12 must be filed no later than 21

8    days after filing the claim; and (D) the name of the government attorney to be served with the claim

9    and answer." *Id.* at G(4)(b)(ii). It may be provided by any means reasonably calculated to reach the

10   potential claimant, and actual notice is sufficient.[3] *Id.* at G(4)(b)(iii). The Government provides a

11   Certificate of Service (Docket No. 9), stating that the attorney for each of the criminal defendants

12   were served with, *inter alia*, a notice of forfeiture action, via certified mail on November 19, 2010.

13   The government does not provide a citation to the record for the notice, but it appears to be Docket

14   No. 8 (filed December 3, 2010) in this case.

15       The notice is dated November 17, 2010. That date, however, appears to be a signature date,

16   not necessarily the date notice is *sent*. Additionally the notice copies, in part, the text of Supp. R.

17   G(4)(b)(ii)(B): "All persons . . . who have received direct notice of the forfeiture action must file a

18   verified claim . . . thirty-five (35) days after the notice is sent . . . ." Notice at 3:4-7. But it does not

19   actually state a date certain for the deadline. Although this notice does not strictly comply with the

20   Supplemental Rule G, these notices were sent to the attorneys for the criminal defendants consistent

21   with Supp. R. G(4)(b)(iii)(B). Even Ms. Chen's attorney has noted that he had actual notice as of

22   December 3, 2010. There is nothing to suggest the criminal defendants – the persons most likely to

23   file claims – did not receive notice. Here, the Court finds the technical deficiencies of the notice

24   were harmless. Finally, the notice names an Assistant U.S. Attorney to be served, satisfying the

25

26

27       [3] Actual notice, however, only precludes an argument for relief due to the failure to *send* a
     notice, and does not necessarily obviate the requirement that the notice contains the required
28   *content*. *See* Supp. R. G(4)(b)(v).

1  final requirement.  The Court accordingly finds that the Government provided sufficient notice to

2  known potential claimants.

3      5.    Expiration of Time to Answer

4      Supplemental Rule G(5)(a)(ii)(A) governs the time for filing a claim. The rule requires that a

5  person who asserts an interest in or right against the property file a verified statement identifying the

6  interest or right within the time stated in the direct notice sent to the claimant under Rule G(4)(b).

7  An answer or a Rule 12 motion must be filed within twenty days of filing the claim.  Supp. R.

8  G(5)(b).  Here, notice of the civil forfeiture action was posted on an official government internet site

9  (www.forfeiture.gov) for at least 30 consecutive days, beginning on November 17, 2010, as is

10  required by Rule G(4)(a)(iv)(c) of the Supplemental Rules for Admiralty or Maritime Claims and

11  Asset Forfeiture Actions.  No claim or other motion has been filed by any potential claimants in this

12  case other than those who filed as to Group (3) and Group (8) and Ms. Chen, and the time for a

13  responsive filing has expired.  Thus, there is no reason to think any potential claimant will be

14  unfairly prejudiced by a default judgment as to the unclaimed defendant property herein.

15      **IV.   CONCLUSION AND RECOMMENDATION**

16      For the foregoing reasons, the Court hereby **GRANTS** Ms. Chen's motions to (1) set aside

17  the entry of default as to the $3,987 identified in defendant Group (6), and (2) appoint counsel for

18  Ms. Chen in this forfeiture case, and (3) be given leave to file an answer.  She shall do so within 30

19  days of the date of this Order.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**United States District Court**
For the Northern District of California

13

The Court **RECOMMENDS** that the Government's motion for entry of default judgment be **GRANTED IN PART** and default judgment be entered against the defendant property other than Group (3), Group (8), and the $3,987 cash identified in Group (6).

Any party may file objections to the Report and Recommendation herein with the district judge within ten days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Civil L.R. 72-3.

This order disposes of Docket No. 38.


IT IS SO ORDERED.


Dated:  May 3, 2011

                                                          _____
                                                          EDWARD M. CHEN
                                                          United States Magistrate Judge

**United States District Court**
For the Northern District of California

14